**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4328

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

ALEX SMITH,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:19−cr−00205−RDB−2)

Submitted: October 5, 2022                Decided: February 1, 2023

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland, for Appellant. Erek L. Barron, United States Attorney, Brandon K. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alex Smith and his accomplice Cornell Slater tried to rob a "Restaurant Depot" in Baltimore. During the botched attempt, Slater shot an employee in the face, causing permanent physical and psychological injuries. Smith and Slater fled empty-handed but were later apprehended. Slater pleaded guilty, receiving 360 months in prison. Smith went to trial.

During the trial, Smith requested that the district court define "reasonable doubt" to the jury. The court declined and the jury found him guilty on all counts. At sentencing, the district court applied an upward variance from the Guidelines range of 135 to 168 months in prison, given the seriousness of the offense, Smith's past criminal conduct, and the potential disparity between Smith's and Slater's sentences. Smith received 240 months.

Smith raises two issues on appeal. First, he argues the district court erred in not providing a jury instruction on the meaning of "reasonable doubt." He objects to our precedent leaving this decision to the district court's discretion. Second, he argues the district court abused its discretion when it applied an upward variance from his Guidelines range. We disagree with both.

We typically review a district court's refusal to give a specific jury instruction for abuse of discretion. *United States v. Herder*, 594 F.3d 352, 359 (4th Cir. 2010). But Smith doesn't directly challenge the district court's denial. Instead, he asks us to reconsider our precedent that "although the district court may define reasonable doubt to a jury upon request, the district court is not required to do so." *United States v. Walton*, 207 F.3d 694, 696–97 (4th Cir. 2000) (en banc). Smith suggests that the "failure to instruct leaves juries

2

to guess what 'proof beyond a reasonable doubt' may be," raising the potential for the jury to "appl[y] an unconstitutional understanding." Appellant's Br. at 10, 16. In other words, he objects to the discretion our circuit affords.

But we can't accept Smith's argument. A binding decision of our circuit can be overruled only by "a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." *Etheridge v. Norfolk & W. Ry. Co.*, 9 F.3d 1087, 1090 (4th Cir. 1993) (cleaned up). But Smith doesn't identify contrary en banc or Supreme Court precedent.[1] We, as a panel, can't grant Smith's requested relief.

Even if we could, we would decline Smith's request to change our longstanding practice, which is rooted in our belief that "attempting to explain the words 'beyond a reasonable doubt' is more dangerous than leaving a jury to wrestle with only the words themselves." *United States v. Hornsby*, 666 F.3d 296, 310–11 (4th Cir. 2012). Although we "discourage" such instructions, *Walton*, 207 F.3d at 699, we leave it to the district courts to determine whether they are warranted, a rule in line with the Supreme Court and our sister circuits.[2] *See, e.g.*, *Victor v. Nebraska*, 511 U.S. 1, 5 (1994) ("[T]he Constitution

---

[1] In fact, Smith acknowledges that "the Supreme Court has held that the Constitution neither prohibits trial courts from defining reasonable doubt, nor requires them to do so." Appellant's Br. at 9 (citing *Victor v. Nebraska*, 511 U.S. 1 (1994)).

[2] The district court may have thought our circuit banned instructions on reasonable doubt. When denying the instruction request, the court stated, "It really is not permitted. The district court probably should not have a reasonable doubt . . . ." J.A. 97B. The court didn't finish its thought as Smith's counsel interrupted. Smith didn't object to this characterization by the district court in the moment, nor does he raise it now as evidence of abuse of discretion. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993) (failure to exercise discretion is an abuse). Thus, we won't review it here. But we take this opportunity to emphasize that our rule doesn't forbid such instructions.

neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course."); *United States v. Ashrafkhan*, 964 F.3d 574, 578 (6th Cir. 2020) ("Put simply, courts are not required to define reasonable doubt.").

Next, we see no error in the court imposing an upward variance. We review a sentence for both procedural and substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

We first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id*.

We find no procedural error here. The district court properly made "an individualized assessment based on the facts presented," and "'state[d] in open court' the particular reasons supporting its chosen sentence." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting 18 U.S.C. § 3553(c)). Through the lens of § 3553(a), the court considered Smith's history, the crime itself, and Slater's sentence. The court concluded that "the factors here in terms of danger to the public, threat to the public, [and] disparity in sentencing" made 20 years "more than appropriate." J.A. 189. This explanation is fully adequate.

Finding no procedural error, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. A sentence outside the Guidelines range doesn't trigger a presumption of unreasonableness, and we "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*.; *see also United States v. Evans*, 526 F.3d 155, 162

4

(4th Cir. 2008) (Court of Appeals should give "due deference" to district court's reasoning, even if it concludes a different sentence is appropriate).

No substantive issues stick out. As explained above, the court engaged in a "particularized assessment" of the facts of the case. *See United States v. Spencer*, 848 F.3d 324, 329 (4th Cir. 2017). Any inferences the district court drew, such as that Smith posed a danger to the public, were well within the "bounds of its discretion." *Id.*

Smith's counters are meritless. His claim that the "Statement of Reasons" form lacked sufficient comments to warrant an upward variance is irrelevant; the court need only provide justification in open court, as it did here. 18 U.S.C. § 3553(c). Smith's other arguments on this front fare no better.

We affirm the district court's judgment. And we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*